IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LEIKIN OLDSMOBILE, INC., | ) CASE NO. 1:08 CV 1695 |
| Plaintiff, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| SENTRY SELECT INSURANCE CO., et al., | ) |
| Defendant. | ) MEMORANDUM OPINION |

This matter is before the Court on the Motion to Dismiss of Defendant, Richard Rosson (Docket #3), and the Motion to Remand filed by Plaintiff, Leiken Oldsmobile, Inc. (Docket #5).

The Complaint in this case arises out of the denial of coverage under a Sentry Select Insurance Commercial Crime Policy procured on behalf of Leikin by Sentry employee Richard Rosson. Leikin alleges that Sentry is obligated under the policy to pay for the loss and/or damage caused by an employee's theft; that Sentry breached its insurance contract; that Sentry breached its duty to act in good faith; that Mr. Rosson breached an oral agreement with Leikin; that Mr. Rosson breached an implied-in-fact contract with Leikin; that Mr. Rosson was negligent in failing to procure adequate insurance coverage for Leikin; and, that Mr. Rosson negligently failed to advise Leikin regarding the coverages and risks related to the policy.

Defendant Richard Rosson asks this Court to dismiss all of Plaintiff's claims against him pursuant to Fed. R. Civ. P. 12(b)(6), asserting that such claims are properly raised only against his employer, Sentry Select Insurance Co. Mr. Rosson asserts that as a "captive agent" of Sentry, he cannot be held individually or personally liable. Leikin disagrees, arguing that, in Ohio, claims of negligence can be brought against the insurance agent individually. Leikin argues that Mr. Rosson is a proper defendant in this case, thereby defeating diversity jurisdiction and necessitating remand pursuant to 28 U.S.C. § 1447(c) and Local Rule 7.1(d). Mr. Rosson argues, alternatively, that he is not an indispensable party and could be severed from the case, pursuant to Fed. R. Civ. P. 21, to preserve this Court's diversity jurisdiction.

## DISCUSSION

Ohio Courts recognize "that individual insurance agents may be held personally liable for tortious conduct including misrepresentation and negligence in failing to obtain coverage, and negligence in failing to exercise reasonable care in advising customers about the terms of coverage." *Wiseman v. Universal Underwriters Insurance Co.*, 412 F. Supp. 2d 801, 806 (S.D. Ohio 2005) (citations omitted). The Court finds no support for Mr. Rosson's assertion that Leikin's claims against him fail as a matter of law because he was a "captive agent" as opposed to an independent agent.

As appears to be agreed by the Parties, complete diversity of citizenship does not exist in this case. Leikin is an Ohio Corporation and Defendant Rosson is a resident of Ohio. Mr. Rosson argues that he was fraudulently joined to defeat diversity jurisdiction in this case.

This Court recognizes that the fraudulent joinder of non-diverse defendants cannot defeat removal based on diversity grounds. *See Coyne ex rel. Ohio v. American Tobacco Co.*, 183 F.3d

-2-

488, 493 (6th Cir. 1999); *Millennium Chems., Inc. v. Lumbermens Mut. Cas. Co.*, No. 1:00 CV 1862, 2001 U.S. Dist. LEXIS 20974, at *7-8 (N.D. Ohio March 13, 2001). A defendant has been fraudulently joined if there can be "no recovery under the law of the state on the cause alleged or on the facts in view of the law . . . ." *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994) (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski*, 391 F.2d 172, 176 (5th Cir. 1968)). Stated more succinctly, the question is whether a colorable cause of action exists against the non-diverse defendant. *Jerome-Duncan, Inc.*, 176 F.3d 904, 907 (1994); *see also Alexander*, 13 F.3d at 949 (stating the inquiry is "whether there is arguably a reasonable basis for predicting that the state law *might* impose liability on the facts involved") (emphasis added).

In evaluating fraudulent joinder, the district court must resolve "all disputed questions of fact and ambiguities in the controlling . . . state law in favor of the non-removing party." *See Coyne*, 183 F.3d at 493. As the district court in *Little* observed, the underlying inquiry into fraudulent joinder is similar to the inquiry into a motion to dismiss under Fed. R. Civ. P 12(b)(6), but is even more deferential to the Plaintiffs. *See Little v. Purdue Pharma, L.P.*, 227 F. Supp. 2d 838, 845-46 (S.D. Ohio 2002) (citations omitted). Given the deference in a fraudulent joinder inquiry, the *Little* court held that a colorable claim existed if there was a basis for the claim in the laws of the state where the claim was brought. *Little*, 227 F. Supp. 2d at 847. The inquiry into whether facts of the case actually support the claim is not a jurisdictional issue, but is "more appropriately left for the court which ultimately takes control of the case." *Id.*

The Court finds no support for Mr. Rosson's assertion that Leikin joined Mr. Rosson in this lawsuit for the purpose of destroying diversity in this case. Mr. Rosson was named in the Complaint, originally filed in the Lake County Court of Common Pleas and, as stated above,

Ohio courts recognize claims against insurance agents like those asserted against Mr. Rosson.

Mr. Rosson argues that he should be dropped from the case pursuant to Fed. R. Civ. P. 21 because he is not an indispensable party. There is no prescribed formula for determining whether a party is indispensable and the rule must be applied on a case by case basis. *Niles-Bement-Pond Co. v. Iron Moulders Union,* 254 U.S. 77, 80 (1920); *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 118-19 (1968).

In this case, the allegations of the Complaint make it clear to this Court that Mr. Rosson is an indispensable party to the litigation. Mr. Rosson was the agent who worked with Leikin to secure the insurance policy at issue in this case, and Leikin alleges that Mr. Rosson "breached his duty and negligently failed to advise Leikin regarding the coverages and risks related to the commercial crime coverage form including that the policy provided a narrow coverage and was unsuitable and inadequate for Leikin's automobile dealership business." Therefore, while the Court will not speak to the merits of Leikin's claims, a review of the Complaint demonstrates that Leikin's claims against Rosson are inextricably intertwined with those against Sentry. Forcing Leikin to litigate separate causes of action under the facts and circumstances presented to the Court would be inefficient and could result in inconsistencies prejudicial any one or more of the Parties to this litigation.

## CONCLUSION

For the foregoing reasons, the Motion to Dismiss filed by Defendant Richard Rosson (Docket #3) is hereby DENIED.  The Motion to Remand filed by Plaintiff (Docket #5) is hereby GRANTED.  This case is hereby REMANDED to the Lake County, Ohio Court of Common Pleas.

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: *October 22, 2008*